UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ICELAND PROCRUISES EHF and<br>ICELAND PROCRUISES GmbH<br>　　　Plaintiffs,<br>v.<br><br>VANTAGE TRAVEL SERVICES, INC.<br>D/B/A VANTAGE DELUXE WORLD TRAVEL<br>　　　Defendant | )<br>)<br>)<br>)<br>)   C.A. No.:<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

Plaintiffs Iceland ProCruises ehf and Iceland ProCruises GmbH (collectively, "Iceland ProCruises"), by and through their attorneys, Lewis, Brisbois, Bisgaard & Smith LLP, by way of their Complaint against Defendant Vantage Travel Services, Inc. d/b/a Vantage Deluxe World Travel ("VTS") for breach of contract, unjust enrichment, conversion and violation of G.L., c. 93A, §§2 and 11 allege as follows:

## PARTIES AND JURISDICTION

1. Iceland ProCruises ehf is a foreign corporation incorporated under the laws of Iceland in 2014 with its place of business at Armuli 15, 108 Reykjavik, Iceland. Iceland ProCruises ehf is the legal entity which entered into the agreements with VTS in 2018 and 2019 that are the subject of this action.

2. Iceland ProCruises GmbH is a foreign corporation incorporated under the laws of Switzerland, with a principal place of business at Baarerstrasse 21, 6300 Zug, Switzerland. Iceland ProCruises GmbH became a managing company within Iceland ProTravel Group when it was established in 2016. Iceland ProCruises ehf continues to be the operational company for Iceland ProCruises GmbH in Iceland.

3. VTS is incorporated under the laws of the Commonwealth of Massachusetts with its principal place of business at 90 Canal Street, Boston, MA 02114.

4. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S. Code §1332(a)(2) because this action is between a citizen of Massachusetts and citizens of Iceland and Switzerland and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over VTS because its primary place of business is in this District and by virtue of Section 6 of the Agreement between Iceland ProCruises and VTS executed on or about February 10, 2017 as well as Section 16 of the Agreement between Iceland ProCruises and VTS executed on or about September 12, 2018, described in more detail below, which provide that the agreements between the parties "shall be governed by, and construed in accordance with the laws of the Commonwealth of Massachusetts."

6. Venue is proper pursuant to 28 U.S. Code §1391(b)(1) and (b)(2) because VTS is a resident of this District; and a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## ALLEGATIONS COMMMON TO ALL COUNTS

7. Iceland ProCruises is in the business of providing and selling travel and tour services, including the chartering of vessels for cruises in and around Iceland and Greenland.

8. VTS is a tour operator and booking agent operating out of Massachusetts.

9. On or about February 10, 2017, Iceland ProCruises and VTS ("the Parties") entered into an agreement for certain sales of tour services, effective from the signing of the contract through the end of the season of 2018 (the "2018 Agreement"). The Parties agreed that VTS would act as a booking agent for Iceland ProCruises and would be responsible for

collecting payments from customers that utilized Iceland ProCruises' services and remitting those payments to Iceland ProCruises. VTS was to earn a specified commission for the sales it made. A copy of the 2018 Agreement is annexed as Exhibit A.

10.     The specific services to be provided by Iceland ProCruises and the corresponding rates are outlined in Addendum A to the 2018 Agreement. The Addendum details Shore Excursion Package Rates, including specific tours and services that Iceland ProCruises is to provide and corresponding rates in US Dollars that VTS is to pay to Iceland ProCruises. See Exhibit B.

11.     On or about September 12, 2018, the Parties entered into another agreement for certain sales of tour services, effective for the period from January 1, 2019 to December 31, 2019 (the "2019 Agreement"), with VTS continuing to act as a booking agent for Iceland ProCruises. A copy of the 2019 Agreement is annexed as Exhibit C.

12.     On or about May 3, 2019, the Parties executed an Addendum to the 2019 Agreement (the "2019 Addendum"), annexed as Exhibit D. The 2019 Addendum modified the terms and conditions of the 2019 Agreement and provided the services and corresponding rates for the 2019 Agreement. Like the 2018 Addendum, the 2019 Addendum detailed Shore Excursion Package Rates with various options for different tours, lodging, transportation and food and the corresponding rates in US Dollars. Notably, the 2019 Addendum also modified the rates for the 2018 Agreement. See Exhibit D, p.1, ¶1.

13.     The terms of payment of the 2018 and 2019 Agreements are clear. Section 6 of the 2018 Agreement states that "20% of [the] deposit [is due] **within 30 days** after name booking [and] final payment **[to be made] 8 weeks prior to departure**." (emphasis added). Section 6 of

the 2019 Agreement provides that the "final payment [is to be made] **six weeks** prior [to] departure." See Exhibit C, p.2.

14. The terms of the 2018 and the 2019 Agreements required VTS to make prompt payments to Iceland ProCruises for the amounts invoiced by Iceland ProCruises relating to the sale of Iceland ProCruises' travel and tour services. Although Iceland ProCruises issued invoices to VTS, pursuant to the terms of the Agreements, VTS has repeatedly failed to remit full and timely payment.

15. Despite Iceland ProCruises' good faith efforts to collect the amounts owed under the Agreements, VTS had an outstanding balance of $93,286.44 for 2018 and $888,593.55 for 2019.

16. Iceland ProCruises has made repeated demands on VTS for payment. On December 6, 2019, Iceland ProCruises' CEO, Gudmundur Kjartansson, sent email correspondence to VTS CFO Gary Greenstein regarding payment of the outstanding balance of "almost $900,000" which, he notes, is "approximately half of the year turnover with [VTS]" and a "very large amount" for Iceland ProCruises. That same day, Mr. Greenstein sent an email acknowledging receipt of Mr. Kjartansson's correspondence, promising to review the account personally and "revert back to Mr. Kjartansson shortly." Copies of both emails dated December 6, 2019 are collectively annexed as Exhibit E.

17. Mr. Greenstein failed to respond thereafter despite Mr. Kjartansson's continued attempts to follow up with him via email and telephone.

18. On December 16, 2019, Iceland ProCruises' CFO, Ásgerður Ragna Þráinsdóttir, again reached out to Mr. Greenstein in an effort to collect the outstanding balance from VTS.

19. Upon receiving no response from VTS, Iceland ProCruises was forced to refer the matter to its attorneys in an attempt to collect the outstanding balance. On or about December 23, 2019, a letter was sent to Mr. Greenstein on Iceland ProCruises' behalf, demanding payment of the then-outstanding balance of $981,879.99, to no avail despite repeated telephone calls by counsel for Iceland ProCruises in follow up to the letter. A copy of the December 23, 2019 correspondence is annexed as Exhibit F.

20. On or about January 14, 2020, another letter was sent to Mr. Greenstein, which was hand-delivered to him directly, with copies to VTS' General Counsel, Rossella Mercuri, and VTS owner and founder, Henry Lewis, once again demanding payment of the $981,879.99 balance. A copy of the January 14, 2020 correspondence, including Mr. Greenstein's written acknowledgment of receipt of the January 14, 2020 letter, is annexed as Exhibit G.

21. On or about January 29, 2020, after follow up email correspondence by counsel for Iceland ProCruises, Mr. Greenstein finally responded by email correspondence to Iceland ProCruises' counsel acknowledging that **VTS "failed [Iceland ProCruises]" and stating "VTS is "committed to honoring [VTS'] debts to [Iceland ProCruises]."** (Emphasis added). Mr. Greenstein promised to make "regularly scheduled payments beginning [that week] in the amount of $70,000 until such a time as the old balances are paid off." A copy of the January 29, 2020 correspondence is annexed as Exhibit H.

22. On January 29, 2020, VTS wired a payment of $70,000 to Iceland ProCruises. On February 7, 2020, VTS made another payment of $70,000, leaving an outstanding balance of $841,879.99. Mr. Kjartansson sent email correspondences to Mr. Greenstein on multiple occasions after February 7, 2020 regarding the outstanding debt. No further payments have been made.

23. Iceland ProCruises has suffered and continued to suffer substantial financial losses as a result of VTS' continued failure to pay its outstanding balance.

## COUNT I
## **BREACH OF CONTRACT**

24. Iceland ProCruises repeats and realleges the foregoing paragraphs as if fully set forth herein.

25. Iceland ProCruises fulfilled its contractual obligations to provide tour, travel and charter services for VTS. Iceland ProCruises issued invoices to VTS, which VTS was to pay within 30 days of receipt and at least six weeks prior to the scheduled departure of the corresponding tours.

26. VTS failed to make the payments to Iceland ProCruises under the 2018 and 2019 Agreements. Notably, VTS has never contested the outstanding balances owed. In fact, VTS acknowledged the debt and promised to repay it "with regularly scheduled payments beginning [the week of January 29, 2020] in the amount of $70,000 until such time as the old balances are paid off." See Exhibit H.

27. Based upon VTS' own admission of failing to meet its contractual obligations to Iceland ProCruises, VTS breached the terms of the 2018 and 2019 Agreement in:

    a. May 2018;

    b. June 2018;

    c. July 2018;

    d. August 2018;

    e. September 2018;

    f. October 2018;

    g. November 2018;

    h.   December 2018;

    i.   January 2019;

    j.   February 2019;

    k.   March 2019;

    l.   April 2019;

    m.   May 2019;

    n.   June 2019;

    o.   July 2019;

    p.   August 2019;

    q.   September 2019;

    r.   October 2019;

    s.   November 2019; and

    t.   December 2019.

28. Iceland ProCruises has been harmed as a result of each of VTS' breaches, set forth above.

29. The outstanding balance owed by VTS resulting from twenty (20) separate breaches of the 2018 and 2019 Agreements is $841,879.99.

## COUNT II
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

30. Iceland ProCruises repeats and realleges the foregoing paragraphs as if fully set forth herein.

31. The 2018 and 2019 Agreements, as enforceable contracts between Iceland ProCruises and VTS, contained an implied a covenant of good faith and fair dealing between the Parties.

32. The covenant of good faith and fair dealing prohibited the Parties from engaging in any activity or conduct which would prevent the other party from receiving the benefits of the contract.

33. VTS breached this covenant by failing to pay Iceland ProCruises for the tours and services it provided to VTS per the 2018 and 2019Agreements, even after VTS was repeatedly made aware of its failure to pay outstanding balances and despite Iceland ProCruises' good faith efforts to collect these amounts.

34. VTS' failure to pay Iceland ProCruises even after it admitted to owing the debt to Iceland ProCruises was made knowingly, willfully, and in bad faith and did not conform to Iceland ProCruises' reasonable expectations under the 2018 and 2019 Agreements.

35. Iceland ProCruises has suffered damages as a direct and proximate result of VTS' breach of the covenant of good faith and fair dealing.

## COUNT III
### VIOLATION OF MASSACHUSETTS UNFAIR AND DECEPTIVE TRADE PRACTICES ACT M.G.L. c. 93A §11

36. Iceland ProCruises repeats and realleges the foregoing paragraphs as if fully set forth herein.

37. At all times relevant hereto the Parties were engaged in trade or commerce within the Commonwealth of Massachusetts.

38. VTS entered into a contractual agreement to engage in the business of providing travel, tour and charter services to its customers through Iceland ProCruises in exchange for a pre-determined fee.

39. VTS agreed to pay Iceland ProCruises within 30 days of receipt of an invoice from Iceland ProCruises and at least six weeks prior to the tours' corresponding departure dates, which VTS failed to do.

40. VTS acknowledged its obligation to pay the outstanding balances to Iceland ProCruises.

41. Despite VTS' agreement to pay Iceland ProCruises, VTS has repeatedly failed to pay.

42. VTS' conduct was made in bad faith, with the intent of maximizing its own profits, and to secure unbargained-for-benefits not contemplated by the 2018 and 2019 Agreements.

43. VTS' conduct, particularly after it was made aware of the outstanding balance, and despite Iceland ProCruises' continued good faith efforts to collect the balance, constitutes unfair and/or deceptive trade practices in violation of M.G.L. c. 93A, §§2 and 11.

44. As a result, Iceland ProCruises is entitled to treble damages and attorneys' fees in an amount to be determined at trial.

## COUNT IV
## UNJUST ENRICHMENT

45. Iceland ProCruises repeats and realleges the foregoing paragraphs as if fully set forth herein.

46. Iceland ProCruises provided tours and specific services to VTS as provided in the 2018 and 2019 Agreements, thereby conferring a benefit upon VTS.

47. VTS was aware of the services provided by Iceland ProCruises.

48. VTS accepted and retained the benefit of the services provided by Iceland ProCruises.

49. VTS' failure to make timely payments to Iceland ProCruises allowed VTS to be unjustly enriched.

50. Under the circumstances set forth above, such acceptance and retention of the amounts due to Iceland ProCruises would be inequitable.

## COUNT V
## CONVERSION

51. Iceland ProCruises repeats and realleges the foregoing paragraphs as if fully set forth herein.

52. VTS has failed to pay, for no justifiable reason, the total balance of $841,897.99 owed to Iceland ProCruises.

53. Based on the 2018 and 2019 Agreements and VTS' own acknowledgment of the debt, the outstanding balance owed is rightfully the property of Iceland ProCruises.

54. Thus, VTS has engaged in conversion of Iceland ProCruises' property when it failed to pay, repeatedly ignored Iceland ProCruises' good faith efforts to collect the payment owed, and used/or kept the money owed in its possession.

55. VTS is unlawfully in possession of property that belongs to Iceland ProCruises with the intent to permanently deprive Iceland ProCruises of money owed, resulting in Iceland ProCruises being harmed.

## DEMAND FOR RELIEF

**WHEREFORE**, Iceland ProCruises hereby demands judgement against VST in the amount of $841,897.99 plus attorneys' fees, treble damages, costs and interest in pursuit of this action and for such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Iceland ProCruises hereby requests a jury trial on all counts so triable.

                Respectfully Submitted,
                ICELAND PROCRUISES EHF
                ICELAND PROCRUISES GmbH

                By its attorney,

                */s/ John T. Harding*

                John T. Harding, BBO #221270
                LEWIS BRISBOIS BISGAARD & SMITH LLP
                One International Place, 3rd Floor
                Boston, MA 02110
                (857) 313-3931
                john.harding@lewisbrisbois.com

Dated:  May 6, 2020

## Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 6, 2020.

                */s/ John T. Harding*

                John T. Harding, BBO #221270